IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LORA BAKER**, et al., | : | CIVIL ACTION NO. 1:06-CV-1874 |
| Plaintiffs | : | (Judge Conner) |
| v. | : | |
| **WASHINGTON GROUP INTERNATIONAL, INC.**, | : | |
| Defendant | : | |

## MEMORANDUM

The dispute in the instant case centers around the decision of defendant Washington Group International, Inc. ("WGI") to discontinue the employment of the eighty plaintiffs.[1]  Plaintiffs assert claims pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and the Worker Adjustment and Retraining Act ("WARN Act"), 29 U.S.C. §§ 2101-2109.  Plaintiffs also assert a state

---

[1] The plaintiffs are Lora Baker, Daniel Barner, Victor Barnes, Edward Beleck, Dennis Bell, Barbara Bitner, Sandra Bitner, Lisa Bitting, Melissa Black, Mike Brookhart, Sharon Brookin, Sandra Brown, Sybil Brown, Victoria Carl, William Chaney, Karl Codner, Kathleen Daly, Bryan Davis, Donna Dickens, Thu Do, Kathy Dowling, Lynne Ellis, Dale Fissel, Gary Folcik, Gregory Forsythe, George Garbarino, Barbara Haas, Cheryl Hardy, Teresa Hart, Rosemary Harvey, Randy Hays, Michelle Hefflefinger, Mary Patricia Henry, Kelly Hossen, Dawn Hulse-Childs, Mary Johnson, Vicki Jones, Christen Keeney, Timothy Kenyon, Tonhu Kim, Jodi Klinepeter, Roseann Laconte, Patricia Leer, Marylynn Mackey, Bonnie Manning, Nancy Matty, David McDonald, Cathy Brown McNeely, Romonita Mercado, Bruce Mizak, Scott Nedrow, Debra Nelson, Shirley Norton, Brenda Nye, Naomi Nye, Joyce Palmer, Catherine Pelles, Dia Pham, Dwayne Priar, Donna Pursel, Sandra Randt, Clair Rice, Nancy Scharding, Janice Shadel, Mark Shaffer, Charlotte Smith, Raymond Staub, Beverly Steinour, Joe Stokes, Susan Stump, Jason Swinchock, Daniel D. Tedesco, Joyce Tracey, David Travis, Dean Trump, Elizabeth Valle, Annette Viccaro, Linda Wallower, Stephen Walter, and Julia Warfel.

law claim of fraudulent inducement.  Presently before the court is WGI's motion for judgment on the pleadings (Doc. 18) on plaintiffs' ADEA claim.[2]  For the reasons that follow, the motion will be granted.

**I.     Statement of Facts**[3]

Plaintiffs are former employees of WGI's Mechanicsburg, Pennsylvania facility, which performed inventory, planning, and purchasing functions for IBM on a contract basis.  (Doc. 1 ¶¶ 3-82, 85-86; Doc. 10 ¶¶ 3-82, 85-86.)  In early March 2006, WGI advised its Mechanicsburg, Pennsylvania employees that the company had lost its contract with IBM and that they would no longer by employed by WGI.  (Doc. 1 ¶¶ 87, 89; Doc. 10 ¶¶ 87, 89.)  On April 7, 2006, WGI sent sixty-nine of the eighty plaintiffs a letter containing a separation agreement and general release (hereinafter "the release").[4]  The release provided, in pertinent part, as follows:

---

[2] A motion for partial summary judgment (Doc. 23) on plaintiffs' WARN Act claim is also outstanding but is not yet ripe for disposition.  (See Doc. 33 (directing plaintiffs to file a responsive statement of material facts)).

[3] In accordance with the standard of review for a motion for judgment on the pleadings, the court will present the facts in the light most favorable to plaintiffs, the non-moving parties.  See infra Part II.

[4] The eleven plaintiffs who did not receive the release are Sandra Bitner, Lisa Bitting, Gregory Forsythe, Dawn Hulse-Childs, Vicki Jones, Christen Keeney, David McDonald, Bruce Mizak, Joyce Palmer, Catherine Pelles, and Jason Swinchock.  Because plaintiffs' ADEA claim is premised upon the alleged invalidity of the release, see infra Part III, the ADEA claims asserted by these eleven plaintiffs have been withdrawn (see Docs. 16, 17).

> Employee hereby releases and forever discharges Washington Group from any and all past or present claims, causes of action, and demands of any kind whatsoever . . . including, but not limited to, claims under the Age Discrimination in Employment Act of 1967, as amended.

(Doc. 1, Ex. C ¶ 4.) In exchange for executing the release, plaintiffs were promised between one and four weeks of severance pay depending upon the length of their tenure with WGI. (Id., Ex. B at 1.) Plaintiffs were provided twenty-one days in which to execute the release. (Id., Ex. C ¶ 8.)

Plaintiffs now allege that the release failed to provide them with "sufficient, correct and proper notice" as required for a valid waiver of an ADEA claim. (Id. ¶ 137.) WGI filed a motion for judgment on the pleadings with respect to this claim on April 27, 2007. (See Doc. 18.) The motion has been fully briefed and is ripe for disposition.

## II.   **Standard of Review**

A motion for judgment on the pleadings is a procedural hybrid of a motion to dismiss and a motion for summary judgment. Rule 12(c) of the Federal Rules of Civil Procedure provides: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). To succeed on a motion under Rule 12(c), "the movant [must] clearly establish [ ] that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." Hayes v. Cmty. Gen. Osteopathic Hosp., 940 F.2d 54, 56 (3d Cir. 1991); see also 5A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1368, at 519 (2d ed. 1990). When deciding a motion for

3

judgment on the pleadings, the court is directed to view "the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Hayes, 940 F.2d at 56.

### III. Discussion

The ADEA prohibits discrimination in employment against individuals forty years of age or older. 29 U.S.C. §§ 623(a), 631(a). In 1990, Congress amended the ADEA by enacting the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626(f). The OWBPA is "designed to protect the rights and benefits of older workers" and "governs the effect under federal law of waivers or releases on ADEA claims." Oubre v. Entergy Operations, Inc., 522 U.S. 422, 427 (1998). Specifically, the OWBPA prohibits employers from extracting ADEA waivers from their employees unless such waivers are "knowing and voluntary." 29 U.S.C. § 626(f)(1). Among the attributes required for a knowing and voluntary waiver are: (1) that the employee be provided "a period of at least 45 days within which to consider the agreement," and (2) that the employer inform the employee in writing of, *inter alia*, the ages of all individuals selected for termination and the ages of all individuals in the same job classification who were not selected for termination. Id. §§ 626(f)(1)(F)(ii), (H).

In the instant case, plaintiffs' ADEA claim is premised not upon an allegation that WGI discriminated against them on the basis of their age, but upon their belief that WGI's release violated the OWBPA by failing to comply with the requirements enumerated above. WGI concedes that the release is not enforceable under the

4

OWBPA, but contends that the OWBPA does not give rise to an independent cause of action.  The Third Circuit has yet to address the instant issue; however, virtually every court that has confronted the issue has concluded that the OWBPA's waiver requirements do not create an independent cause of action.  See, e.g., Halstead v. Am. Int'l Group, Inc., No. 04-815, 2005 WL 885200, *2 n.5 (D. Del. Mar. 11, 2005); Welch v. Maritrans, Inc., No. 00-2606, 2001 WL 73112, *8-9 (E.D. Pa. Jan. 25, 2001); Kapossy v. McGraw-Hill, Inc., 921 F. Supp. 234, 250 n.18 (D.N.J. 1996); Whitehead v. Oklahoma Gas & Electric Co., 187 F.3d 1184, 1191 (10th Cir. 1999); Syverson v. Int'l Bus. Machs. Corp., No. 03-4529, 2007 WL 2904252, at *2-5 (N.D. Cal. Oct. 3, 2007); Kourofsky v. Genencor Intern., Inc., 459 F. Supp. 2d 206, 215 (W.D.N.Y. 2006); Ambers v. Village Family Serv. Ctr., Inc., 329 F. Supp. 2d 1046, 1053 (D.N.D. 2004); Larsen v. Simonds Indus., Inc., 337 F. Supp. 2d 331, 337 (D. Mass. 2004); Equal Opportunity Comm'n v. UBS Brinson, Inc., Nos. 02-3748, 02-3745, 2003 WL 133235, at *3 (S.D.N.Y. 2003); Emery v. Ne. Ill. Reg'l Commuter R.R. Corp., No. 02-9303, 2003 WL 22176077, *5 (N.D. Ill. Sept. 18, 2003); Piascik-Lambeth v. Textron Auto. Co., Inc., No. 00-258, 2000 WL 1875873, *4-5 (D.N.H. Dec. 22, 2000); Williams v. General Motors Corp., 901 F. Supp. 252, 254-55 (E.D. Mich. 1995); Equal Employment Opportunity Comm'n v. Sears, Roebuck & Co., 883 F. Supp. 211, 215 (N.D. Ill. 1995); Equal Employment Opportunity Comm'n v. Sara Lee Corp., 923 F. Supp. 994, 999 (W.D. Mich. 1995).

Persuaded by this overwhelming weight of authority, the court concludes that the OWBPA does not establish a separate cause of action.  An analysis of the

5

OWBPA's plain language reveals that, while the Act "can be a shield for plaintiffs in an ADEA action when an employer invokes [a] waiver as an affirmative defense," the Act cannot be used as a "sword[] that provide[s] plaintiffs with an independent cause of action for affirmative relief."[5]  Whitehead, 187 F.3d at 1191-92.  The OWBPA is styled as a "waiver" provision that contains no rights-creating language and merely provides that unknowing and involuntary waivers are unenforceable as to ADEA claims.  See 29 U.S.C. § 626(f) (listing criteria that must be met in order for a waiver to be knowing and voluntary); see also Halstead, 2005 WL 885200, at *2 n.5 (stating that the OWBPA establishes "minimum requirements for waivers in order to protect employees"); Whitehead, 187 F.3d at 1191 (stating that the "OWBPA simply determines whether an employee has, as a matter of law, waived the right to bring a separate and distinct ADEA claim").  A violation of the OBWPA renders a waiver ineffectual, meaning that it can no longer serve as an affirmative defense to an ADEA claim.  Halstead, 2005 WL 885200, at *2 n.5; Welch, 2001 WL 73112, at *8-9.  Such a violation does not serve as the basis of an age discrimination claim pursuant to the ADEA or "determine in the first instance whether age discrimination has occurred."  Whitehead, 187 F.3d at 1191; Lawrence v. Nat'l Westminster Bank, N.J., No. 94-1368, 1995 WL 506043, *7-8 (D.N.J. Aug. 16, 1995),

---

[5] Several courts have concluded that an OWBPA violation may give rise to a right of action for declaratory or injunctive relief designed to invalidate an ADEA waiver.  See Whitehead, 187 F.3d at 1192; Krane v. Capital One Servs., Inc., 314 F. Supp. 2d 589, 609 (E.D. Va. 2004); Commonwealth of Mass. v. Bull HN Info. Sys., Inc., 143 F. Supp. 2d 134, 157-58 (D. Mass. 2001).  Because the plaintiffs in the action *sub judice* seek only damages, this exception does not apply.  (See Doc. 1 at 27-28.)

rev'd on other grounds, 98 F.3d 61 (3d Cir. 1996); UBS Brinson, Inc., 2003 WL 133235, at *3; see also Equal Employment Opportunity Comm'n v. Sundance Rehab. Corp., 466 F.3d 490, 500-01 (6th Cir. 2006) (concluding that a separation agreement that violated the OWBPA could not establish an ADEA retaliation claim).  Because plaintiffs' ADEA claim is premised *solely* upon an OWBPA violation and not upon any allegations of age discrimination, plaintiffs' ADEA claim must fail.  The court will grant WGI's motion for judgment on the pleadings with respect to this claim.

An appropriate order will issue.

    /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:	February 7, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LORA BAKER**, et al., | : | CIVIL ACTION NO. 1:06-CV-1874 |
| Plaintiffs | : | (**Judge Conner**) |
| v. | : | |
| **WASHINGTON GROUP INTERNATIONAL, INC.**, | : | |
| Defendant | : | |

## **ORDER**

AND NOW, this 7th day of February, 2008, upon consideration of defendant's motion for judgment on the pleadings (Doc. 18), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Defendant's motion for judgment on the pleadings (Doc. 18) is GRANTED with respect to plaintiffs' claim pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634.

2. The Clerk of Court is directed to defer the entry of judgment on this claim in favor of defendant Washington Group International, Inc. and against plaintiffs until the resolution of all claims.

     /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge